472

UNITED STATES, Appellant

v.

Jimmy G. THOMPSON, Jr., Sergeant
U.S. Marine Corps, Appellee.

No. 96–5009.
Crim.App. No. 94 1846.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 9, 1997.

Decided Aug. 25, 1997.

For the Appellee: *Lieutenant E. Rubiella,*
JAGC, USNR (argued).

For the United States: *Lieutenant Kevin
L. Flynn,* JAGC, USNR (argued); *Colonel
Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief).

*Opinion of the Court*

EFFRON, Judge:

In a contested general court-martial, officer and enlisted members convicted Sergeant (Sgt) Thompson of two specifications of assault with a dangerous weapon, *see* Art. 128, Uniform Code of Military Justice, 10 USC § 928. They sentenced him to a bad-conduct discharge, confinement and forfeiture of $814.80 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority reduced the forfeitures to the whole dollar amount of $814.00 pay per month for 6 months but otherwise approved these results.

The Court of Criminal Appeals held that Sgt Thompson's right to a speedy trial under RCM 707, Manual for Courts–Martial, United States (1995 ed.), had been violated and ordered dismissal of all charges and specifications without prejudice. 44 MJ 598, 603 (1996); *see* RCM 707(d).

The Judge Advocate General certified the case to us, requesting that we address the following two questions:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED WHEN IT RULED THAT AN ARTICLE 32, UCMJ INVESTIGATING OFFICER DOES NOT HAVE THE INHERENT POWER TO EXCLUDE DELAY FOR SPEEDY TRIAL PURPOSES UNDER RCM 707.

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED WHEN IT RULED THAT APPELLEE WAS DENIED A SPEEDY TRIAL UNDER RCM 707 DESPITE THE FACT THAT [APPELLEE] SPECIFICALLY REQUESTED THE TWO PERIODS OF DELAY IN QUESTION.

We hold that, under the circumstances of this case, the court below erred and that the findings and sentence must be reinstated.

I

The charges against Sgt Thompson were preferred on March 24, 1993. Thereafter, the special court-martial convening authority (SCMCA) appointed an investigating officer to conduct a pretrial investigation of the charges and to recommend disposition. *See* Art. 32, UCMJ, 10 USC § 832. In a May 3 letter to the SCMCA, Sgt Thompson requested a delay in the investigation until June 2, explaining that he had discharged his civilian counsel and was seeking a replacement. The SCMCA denied the request and stated that the pretrial investigation would begin on May 6, as scheduled.

At the outset of the hearing on May 6, the investigating officer advised Sgt Thompson of his rights, including the right to be represented by civilian counsel at his own expense. *See* Art. 32(b). At that point, Sgt Thompson asked the investigating officer to grant a continuance so that he could retain civilian counsel. The investigating officer granted an extension until May 18. The record is silent as to whether the SCMCA knew of the renewed request for a continuance or of the investigating officer's decision to grant it.

By the time the pretrial investigation resumed on May 18, Sgt Thompson had retained new civilian defense counsel, who advised the investigating officer that he needed time to prepare before he could proceed. The investigating officer permitted government counsel to present his evidence, but he granted civilian defense counsel's request to hold the investigation open until June 10 so that the defense would have an opportunity to recall and cross-examine witnesses and present any other evidence. The record is silent as to whether the SCMCA had knowledge of this request or of the investigating officer's decision to grant it.

On June 9, civilian defense counsel informed the investigating officer that he had nothing further to add to the record, and no further proceedings were held. The investigating officer submitted his report to the SCMCA on June 17, recommending trial by general court-martial.

While the decision as to disposition of the charges remained pending before the SCMCA, he was advised on July 14 by government counsel of the two delays. Counsel asked him to determine whether these defense-requested delays were excludable from the speedy-trial time clock under RCM 707(c). Three days later, the SCMCA stated that the entire period of May 6 through June 9 was excluded.

Subsequently, the SCMCA forwarded the charges to the general court-martial convening authority (GCMCA), who referred the charges to trial. The speedy-trial clock stopped on September 1, when Sgt Thompson was arraigned—130 days after preferral of charges.[1] *See* RCM 707(b)(1).

RCM 707 requires that an accused be arraigned within 120 days after preferral of charges, subject only to certain exceptions not applicable in the present case. Defense counsel contended at trial that the days of defense-requested delay should not have been excluded from the 120–day time period based on the following theory: (1) under RCM 707, only a convening authority has the power prior to referral of charges to grant delays for the purpose of excluding periods under the speedy-trial rule; (2) in this case, the delays were granted by the investigating officer, who was not empowered to exclude periods from the RCM 707 time clock; and (3) the convening authority was not empowered to give after-the-fact approval to such delays.

---

1. The special court-martial convening authority previously had approved a defense-requested delay of 31 days. The parties agree that this delay *is excluded from the speedy-trial time clock.*

The military judge did not agree with the defense theory. He concluded that the investigating officer was a quasi-judicial officer with inherent power to grant such requests and that, in any event, it would be unfair under these circumstances to hold the Government accountable for delays that occurred solely at the request of the defense.

The Court of Criminal Appeals held that the military judge erred. That court agreed with the military judge that an investigating officer is a quasi-judicial officer but found no explicit or inherent power in that officer to exclude delays from the speed-trial clock.

After noting that, under RCM 707(c), only a "convening authority" has such power prior to referral of charges, the Court of Criminal Appeals agreed with the military judge that an SCMCA may exercise that power even when the court-martial ultimately is convened by a GCMCA. The court reasoned that because the SCMCA had the power to convene a special court-martial at the time the delays were under his consideration, he was a "convening authority" under RCM 707. 44 MJ at 602.

The Court of Criminal Appeals, however, did not agree that the convening authority could make an after-the-fact decision to exclude such delays. The court stated "that the entire thrust of RCM 707(c) is that exclusion decisions are to be made before the delay occurs." *Id.*

In sum, the court concluded:

> Because the investigating officer had no power to exclude delay and because the appointing authority's attempt to exclude delay retroactively was ineffective, we find as a matter of law that the delay was not excluded from the speed-trial clock. On that ground, the trial judge's ruling was incorrect as a matter of law.

*Id.*

## II

RCM 707(a) prescribes in pertinent part that an accused "shall be brought to trial within 120 days after the ... [p]referral of charges...." Except for certain "[e]vents which affect time periods" that are specified in RCM 707(b)(3), this 120-day clock is tolled only by arraignment of an accused at a court-martial. RCM 707(b)(1).

RCM 707 also provides for excluding certain periods of time from the 120-day calculation. As RCM 707(c) initially was promulgated in the Manual for Courts-Martial, United States, 1984, the excludable periods were set forth in laundry-list fashion and included delays in proceedings requested by the defense. The Rule was revised substantially in 1991 to eliminate the list of specific reasons for excludable delay.

The 1991 version, which was in effect at the time of Sgt Thompson's trial and which remains in effect today, provides:

> (c) *Excludable delay.* All periods of time covered by stays issued by appellate courts and all other pretrial delays approved by a military judge or the convening authority shall be excluded when determining whether the period in subsection (a) of this rule has run.
>
> (1) *Procedure.* Prior to referral, all requests for pretrial delay, together with supporting reasons, will be submitted to the convening authority or, if authorized under regulations prescribed by the Secretary concerned, to a military judge for resolution. After referral, such requests for pretrial delay will be submitted to the military judge for resolution.

RCM 707(c), Manual, *supra* (1995 ed.) at A25–10.

The drafters of this new rule made clear their intent as follows:

> The purpose of this rule is to provide guidance for granting pretrial delays and to eliminate after-the-fact determinations as to whether certain periods of delay are excludable. This rule amends the former rule, which excluded from accountable time[,] periods covered by certain exceptions.

Drafters' Analysis of RCM 707, Manual, *supra* (1995 ed.) at A21–40; *see United States v. Maresca,* 28 MJ 328, 332–33 (CMA 1989), quoting from *United States v. Schilf,* 1 MJ 251, 253 (CMA 1976). The drafters further remarked:

> This subsection ... follows the principle that the government is accountable for all

time prior to trial unless a competent authority grants a delay....

... Military judges and convening authorities are required, under this subsection, to make an independent determination as to whether there is in fact good cause for a pretrial delay, and to grant such delays for only so long as is necessary under the circumstances. Decisions granting or denying pretrial delays will be subject to review for both abuse of discretion and the reasonableness of the period of delay granted.

Drafters' Analysis of RCM 707(c), Manual, *supra* (1995 ed.) at A21–41 (citations omitted); *see also* RCM 707(c)(2), 905, and 907(b)(2), Manual, *supra* (1995 ed.).

In a normal case, the purposes of the rule are best served if the convening authority is provided with an opportunity to act in advance of a requested delay. The rule was drafted not only to address an accused's constitutional and statutory speedy-trial rights, *see* U.S. Const. amend. VI; Art. 10, UCMJ, 10 USC § 810, but also to "protect[ ] the command and societal interest in the prompt administration of justice." Drafters' Analysis of RCM 707, Manual, *supra* (1995 ed.) at A21–40. Because the rule is concerned in part with the Government's interest in prompt pretrial processing, the rule excludes a period of pre-referral delay from the Government's accountability only after a convening authority concludes that there is good cause for the requested delay and that the time requested is reasonable.

Although advance approval by the convening authority may be desirable in terms of implementing the goal of eliminating after-the-fact determinations, we note that the text of RCM 707(c) does not require specifically that the delay be approved in advance in order for it to be excluded from the Government's accountability. On the other hand, because a *post hoc* request likely will be viewed with considerable skepticism if it appears to be a rationalization for neglect or willful delay, the Government runs substantial risk by seeking approval from a convening authority only after a delay has occurred. *See United States v. Dies*, 45 MJ 376, 378

(1996). Nonetheless, assuming that risk, the rule as it has existed since 1991 does not preclude after-the-fact approval of a delay by a convening authority that otherwise meets good-cause and reasonableness-in-length standards.

After a *de novo* review of Sgt Thompson's speedy-trial motion, several factors persuade us that the military judge's decision to deny the motion was correct.

First, the two delays at issue were granted at the specific request of the defense and for the direct benefit of the defense. We see no reason to grant the defense a windfall from a claimed violation of RCM 707 that the defense itself occasioned.

Second, none of the delays were caused or induced by acts or omissions of the Government that denied or interfered with Sgt Thompson's rights.

Third, this appeal does not involve other acts or omissions by the Government amounting to purposeful or negligent delay. Although government counsel brought this matter to the attention of the convening authority, the Government had done nothing to slow down the normal pretrial processing of these charges.

Fourth, the convening authority's determination that the two periods of delay were excludable from the Government's accountability for speedy-trial purposes amounted to a ratification of the investigating officer's grant of the defense-delay requests, rather than an after-the-fact rationalization.

Fifth, the convening authority's decision to approve the delays occurred prior to referral of the charges to court-martial. After referral, the power to exclude delays is transferred from the convening authority to the military judge under RCM 707(c)(1). Thus, in this case, the convening authority's action was taken during the timeframe under his responsibility and control.

Finally, all of the relevant facts surrounding the delay and the convening authority's approval were well-documented and presented no barrier to review by the military judge under applicable good-cause and reasonableness-in-length standards. In this light, and

in view of the preceding factors, any formalistic conclusion that RCM 707(c) had been violated undoubtedly would have resulted merely in a dismissal of the charge and specifications without prejudice, which would have permitted the Government to begin the process anew. *See* RCM 707(d). In such circumstances, the windfall to the defense would have been ephemeral.

## III

In light of our rationale, we do not need to answer the first certified question, which asks whether an investigating officer has "the inherent power to exclude delay for speedy trial purposes under RCM 707." The underlying issue—whether the investigating officer, acting under statutory appointment of the convening authority pursuant to Article 32, stands in the stead of the convening authority when acting on a request for delay or continuance in the investigation—is reserved for another day when resolution of that issue will not be moot. As to the second certified question, we answer it in the affirmative. The Court of Criminal Appeals erred "when it ruled that [Sgt Thompson] was denied a speedy trial under RCM 707" under the unique circumstances of this case.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The findings dismissed below and the sentence are reinstated. The record of trial is returned to the Judge Advocate General of the Navy for further review.

Judges SULLIVAN, CRAWFORD, and GIERKE concur.

COX, Chief Judge (concurring):

I write only to emphasize that points two and three of the majority opinion, 46 MJ at 475, while valid and important considerations, are not applicable factors in this case. Here the important facts are that the defense requested the delays and the convening authority ratified the investigating officer's decision to grant them.