UNITED STATES, Appellee,

v.

Fredrick L. ROBINSON, 427–04–7228, Aviation Structural Mechanic (Hydraulics), Second Class (E–5), U.S. Navy, Appellant.

NMCM 9601270.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

17 Sept. 1997.

Maj Michael R. Osborn, USMC, Appellate Defense Counsel.

LT John J. Luke, JAGC, USNR, Appellate Defense Counsel.

LT Bennett J. Lee, JAGC, USNR, Appellate Government Counsel.

### ORDER

Upon consideration of the Government's Request for En Banc Reconsideration, the appellant's answer thereto, and Rule 4–2 of this court's internal rules, it is, by the Court, this 17th day of September, 1997

ORDERED:

That said motion is hereby denied.

WYNNE, Judge (dissenting):

I dissent from the court's decision to deny reconsideration *en banc*. In the past, the validity of the remedy afforded this accused has been of only intellectual interest. *See United States v. Anderson*, 46 M.J. 540 (N.M.Ct.Crim.App.1997)(Wynne, J., concurring). Today, however, we dismiss a conviction without the legal authority to do so. The mandate and authority of our court is extensive. *United States v. Cole*, 31 M.J. 270, 272 (C.M.A.1990). But, "the creature that our law knows as a criminal appeal is one solely of statutory origin." *United States v. Larneard*, 3 M.J. 76, 79 (C.M.A. 1977).

Under these statutes, the findings in this case "may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." Art. 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (1994) [hereinafter UCMJ]. Assuming *arguendo* the error, the RULE FOR COURTS-MARTIAL 707(d), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) remedy of "dismissal . . . without prejudice" is not one of these substantial rights. *See United States v. Kossman*, 38 M.J. 258 (C.M.A.1993).

If our court "sets aside the findings and sentence and does not order a rehearing, it shall dismiss the charges." Art. 66(d), UCMJ, 10 U.S.C. § 866(d). But instead, we dismiss the charges and authorize a rehearing. It is not so much that this remedy is ephemeral, though it may often be so. *United States v. Thompson*, 46 M.J. 472 (1997). Rather, any substantive result arising from it will be, by definition, unintended.

The order of this court, left standing, essentially prescribes that the accused may be tried again in exactly the same manner. The President could not have intended to create such a remedy because it is "contrary to" and "inconsistent with" the fundamental statutory appellate scheme established by the Congress. Art. 36, UCMJ, 10 U.S.C. § 836. *See also* Arts. 10, 60(c)(3)(A), 66(d), 66(e), 67(d), and 69(c), UCMJ, §§ 810, 860(c)(3)(A), 866(d), 866(e), 867(d), and 869(c).

Accordingly, the court should reconsider this matter *en banc*.