**UNITED STATES**

v.

**Michael J. FLARITY, 465 41 6224,
Corporal (E–4), U.S. Marine
Corps.**

**NMCM 96 01030.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 20 July 1995.

Decided 10 March 1998.

LT James P. Benoit, JAGC, USNR, Appellate Defense Counsel.

LCDR Nancy B. Jones, JAGC, USN, Appellate Government Counsel.

Before CLARK, Senior Judge, and WYNNE and LEO, Appellate Military Judges.

WYNNE, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's

---

1. I. THE GOVERNMENT FAILED TO PROVE, BEYOND A REASONABLE DOUBT, THAT APPELLANT ASSAULTED HIS DAUGHTER.

II. APPELLANT WAS DEPRIVED OF HIS RIGHT TO A SPEEDY TRIAL UNDER RULE FOR COURTS–MARTIAL 707, WHEN APPELLANT WAS NOT BROUGHT TO TRIAL UNTIL 130 DAYS AFTER THE PREFERRAL OF THE ORIGINAL CHARGES (5JAN–15MAY95).

III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS INDIVIDUAL MILITARY COUNSEL FAILED TO MOVE TO DISMISS THE CHARGES FOR A CLEAR VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL UN-

response. The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. We affirm the findings and sentence; our reasoning is set out below.

### A Summary of the Case and the Appellant's Claims

Contrary to his pleas the appellant was convicted by enlisted and officer members of aggravated assault upon his two-year-old natural daughter and violating a lawful general order by failing to register his shotgun. Art. 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928 (1994) [hereinafter UCMJ].

The appellant now asserts that he was denied his right to a speedy trial in violation of RULE FOR COURTS-MARTIAL 707, MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.]. The appellant did not make this claim at trial, but he asks us to consider it because he was denied effective assistance of counsel, his arraignment was a sham, and the military judge committed plain error by not dismissing the charges *sua sponte.*

In addition to his procedural claim, the appellant contends that certain documentary evidence was improperly admitted, that the evidence introduced at trial was not factually sufficient, and that, in any event, his sentence is inappropriately severe.

### The Speedy–Trial Claims

The findings or sentence in this case "may not be held incorrect on the ground of an error of law unless [an] error materially prejudices the substantial rights of the accused." Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

■ The appellant's speedy-trial right under R.C.M. 707(d) to "dismissal ... with ... prejudice to the [G]overnment's right to reinstitute court martial proceedings against the accused for the same offense at a later date" is one of these substantial rights. *See United States v. Kossman,* 38 M.J. 258 (C.M.A.1993).

■ The appellant's lesser right under R.C.M. 707(d) to "dismissal ... without prejudice" is not. *See United States v. Thompson,* 46 M.J. 472, 476 (1997). The appellant has not demonstrated the substantial prejudice to his defense or any presumptive prejudice which would warrant an initial consideration of his claim on appeal.

■ There was no pretrial restraint in this case. At trial the appellant faced some charges and specifications which were more than 120–days–old and others which were less than 120–days–old. *See generally* R.C.M. 707(a). As a result, the appellant could have moved for dismissal of some of the charges and specifications.

We cannot say whether or not such a motion would have warranted relief because the trial court did not hear it. We can say that at worst the appellant would have faced two courts-martial rather than one. In the light of this Hobson's choice, we have no difficulty finding that the appellant waived any administrative speedy-trial claim. R.C.M. 905(e).

The appellant's naked assertions regarding the delays in his trial present nothing to trigger a speedy-trial analysis warranting dismissal with prejudice of the affected charges. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Kossman,*

DER RULE FOR COURTS–MARTIAL 707, RESULTING IN APPELLANT'S CONVICTION.

IV. APPELLANT WAS DEPRIVED OF HIS RIGHT TO A SPEEDY TRIAL, UNDER RULE FOR COURTS–MARTIAL 707, WHEN HIS ARRAIGNMENT WAS A SHAM, AND HE WAS SUBSEQUENTLY BROUGHT TO TRIAL 194 DAYS AFTER THE ORIGINAL CHARGES WERE PREFERRED.

V. THE MILITARY JUDGE COMMITTED PLAIN ERROR WHEN HE FAILED TO ADDRESS THE ISSUE OF SPEEDY TRIAL ON THE RECORD, EVEN THOUGH APPELLANT WAS NOT BROUGHT TO TRIAL UNTIL 130 DAYS AFTER THE PREFERRAL OF THE ORIGINAL CHARGES. (Citation omitted.)

VI. THE MILITARY JUDGE ERRED WHEN HE DENIED THE DEFENSE OBJECTIONS AND OFFER TO REDACT PORTIONS OF THE MEDICAL RECORDS OF APPELLANT'S DAUGHTER, WHEN THESE RECORDS SUGGESTED UNRELATED, NON–ACCIDENTAL INJURIES. (Citations omitted.)

VII. AN UNSUSPENDED BAD–CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE UNDER THE CIRCUMSTANCES OF THIS CASE. (Citations omitted.)

38 M.J. at 262. Without a showing of prejudice, we will not further consider the military judge's actions or the effectiveness of counsel regarding any speedy trial claim.[2]

### The Evidentiary Claim

 Prosecution Exhibit 2 is the record of medical treatment afforded the victim after the assault. The appellant says that portions of this record are irrelevant and that the military judge should not have admitted them.

The assertion that the medical officers' observations regarding the cause and nature of the victim's injuries are irrelevant is without foundation in law or fact. The assertion that other observations regarding the victim's physical condition might be misconstrued by the members warrants brief discussion.

Prosecution Exhibit 2 mentions that the victim also had an infected earlobe and facial impetigo when she was presented for treatment. Photographs admitted into evidences unavoidably reflect these conditions as well as the eye injuries inflicted by the appellant. Hydrogen peroxide and alcohol, used to treat these other conditions, were also ruled out as causes of the eye injuries. A witness testified, without objection, regarding these other medical conditions and their treatment.

The military judge astutely recognized these relationships and admitted the medical records in their entirety. He also gave a well-crafted cautionary instruction to the members directing them that they "should not speculate as to the cause or responsibility for any other ailments." Record at 171. Prosecution Exhibit 2 is relevant. The military judge's cautionary instruction, though perhaps not required, helped to ensure that the trial's outcome was "justly determined." MIL.R.EVID. 102 and 402, MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.).

### Proof of Guilt and Appropriate Sentence

The appellant does not contest the legal sufficiency of the evidence presented against

him, but he does assert that the government did not prove his guilt of aggravated assault beyond a reasonable doubt. *See generally Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

As to guilt, based on our review of the record we are "convinced of the accused's guilt beyond a reasonable doubt." *Turner,* 25 M.J. at 325.

As to sentence, clemency is not the function of this court, *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988), and the sentence is appropriate for these offenses and this appellant. *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CLARK and Judge LEO concur.

---

2. Assertions of the denial of a speedy trial and the effective assistance of counsel, raised for the first time on appeal, have in common the requirement for substantial prejudice. Without such a claim of prejudice reaching statutory or constitutional dimensions neither claim has merit. *Compare Barker,* 407 U.S. 514, 92 S.Ct. 2182, *with Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).