# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re Austin D. DOMBROWSKI** | ) | **Misc. Dkt. No. 2025-16** |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Petitioner* | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

On 1 July 2025, Petitioner was ordered into pretrial confinement pursuant to Rule for Courts-Martial (R.C.M.) 305.* On 15 December 2025, Petitioner filed this petition for extraordinary relief in the nature of a writ of habeas corpus. He asserts that he remains in pretrial confinement and as of the filing date of the petition, has remained there for 167 days without a charge having been preferred or referred by the Government. He argues that he is entitled to immediate release and requests that we grant this relief.

On 1 July 2025, the Office of Special Investigations (OSI) received a National Center for Missing and Exploited Children CyberTip allegedly pertaining to Petitioner. The tip alleges that Petitioner was planning to meet with a "predator to have sex with children on 1–3 July 2025." It further alleges that Petitioner possessed and distributed child sexual abuse materials. An OSI agent purports to have conducted a search of Petitioner's phone and observed what appears to be child sexual abuse material on the phone. Moreover, he alleges the messages he reviewed pertained to Petitioner's intent to engage in incest, bestiality, and sexual intercourse between parents and their future children.

Following the pretrial confinement order, a 48-hour probable cause determination was conducted pursuant to R.C.M. 305(j)(1). The reviewing officer found sufficient probable cause to believe that Petitioner committed multiple offenses including conspiracy, possession, receiving or viewing child pornography, and distribution of child pornography. The reviewing officer further found that there were reasonable grounds to believe that continued pretrial

---

* References to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2024 ed.).

confinement is necessary and that he had reasonable grounds to believe less severe forms of restraint were inadequate.

On 3 July 2025, a 72-hour review pursuant to R.C.M. 305(i)(2)(C) was completed. The commander determined he had reasonable grounds to believe the alleged offenses described in the 48-hour memorandum were committed. He further found that pretrial confinement was necessary because it was foreseeable that Petitioner would engage in serious criminal misconduct given the nature of the offenses and Petitioner's recent pattern of misconduct. He noted that lesser forms of restraint were inadequate given Petitioner's use of his cell phone to engage in these activities.

On 8 July 2025, a Pretrial Confinement Review Officer (PCRO) conducted a hearing to review Petitioner's confinement. *See* R.C.M. 305(j)(2). The PCRO found that by a preponderance of the evidence Petitioner committed offenses triable by court-martial. She determined that Petitioner would continue to engage in serious criminal misconduct and that continued confinement was necessary. She also concluded that less severe forms of restraint were inadequate.

Since the order into pretrial confinement, Petitioner has demanded a speedy trial multiple times, including on 9 July 2025, 19 September 2025, 6 October 2025, 17 October 2025, 20 October 2025, 27 October 2025, and 30 October 2025.

On 20 October 2025, the Government requested that the convening authority exclude time pursuant to R.C.M. 707. Petitioner's counsel objected to this exclusion. The special court-martial convening authority granted the request to exclude 44 days from the speedy trial clock.

On 10 November 2025, a military judge was detailed to review the propriety of Petitioner's pretrial confinement as a pre-referral proceeding, conducted in accordance with R.C.M. 309(b)(6). *See also* R.C.M. 305(k) (where a military judge "shall review the propriety of pretrial confinement upon motion for appropriate relief"). On 12 November 2025, Petitioner's counsel moved for appropriate relief: release from pretrial confinement. On 24 November 2025, the military judge issued her ruling denying the motion.

On 8 December 2025, the Government requested that the convening authority exclude additional time pursuant to R.C.M. 707. Petitioner's counsel objected to this exclusion. The special court-martial convening authority granted the request to exclude 33 days from the speedy trial clock.

No charges have been preferred or referred against Petitioner as of the time of the filing of the petition.

The All Writs Act, 28 U.S.C. § 1651(a), grants a Court of Criminal Appeals "authority to issue extraordinary writs necessary or appropriate in aid of its

jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999)).

Issuance of a writ is a drastic remedy that should be used in truly extraordinary situations. *In re Best*, 79 M.J. 594, 599 (N.M. Ct. Crim. App. 2019). "The petitioner has the heavy burden of establishing a 'clear and indisputable right to the requested relief.'" *Id.* (quoting *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008)).

In general, "[an] accused shall be brought to trial within 120 days after the earlier of: [p]referral of charges; [t]he imposition of restraint . . . ; or [e]ntry on active duty under R.C.M. 204." R.C.M. 707(a)(1)–(3).

"All . . . pretrial delays approved by a military judge or the convening authority shall be . . . excluded" for purposes of "determining whether the [120-day] period . . . has run." R.C.M. 707(c); *see also United States v. Guyton*, 82 M.J. 146, 151 (C.A.A.F. 2022) (quoting R.C.M. 707(c)). R.C.M. 707 does not prohibit after-the-fact approval of delays nor ex parte requests for excludable delay. *Guyton*, 82 M.J. at 151 (quoting *United States v. Thompson*, 46 M.J. 472, 475 (C.A.A.F. 1997)); *see also United States v. Heppermann*, 82 M.J. 794, 803 (A.F. Ct. Crim. App. 2022) (also quoting *Thompson*).

Article 10(b), UCMJ, provides in pertinent part: "When a person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken [ ] to inform the person of the specific offense of which the person is accused[ ] and [ ] to try the person or to dismiss the charges and release the person." 10 U.S.C. § 810(b). "Article 10, UCMJ, does not demand constant motion but does impose on the Government the standard of 'reasonable diligence in bringing the charges to trial.'" *United States v. Cooley*, 75 M.J. 247, 259 (C.A.A.F. 2016) (quoting *United States v. Mizgala*, 61 M.J. 122, 127, 129 (C.A.A.F. 2005)).

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI. We determine whether an appellant has been denied his right to a speedy trial using the four-factor test the United States Supreme Court established in *Barker v. Wingo*, 407 U.S. 514 (1972). *Harrington*, 81 M.J. at 189. The four *Barker* factors are: "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *Id.* (citation omitted).

R.C.M. 305 sets forth a robust review process to ensure that pretrial confinement is exercised judiciously and only when necessary and appropriate. In

this case, Petitioner has not carried this heavy burden to show that issuance of the writ is appropriate at this time. The evidence presented in his petition does not clearly and indisputably show that his pretrial confinement is illegal. Specifically, neither the initial order nor any of the review processes were clearly and indisputably improper.

Petitioner argues that despite his demands for a speedy trial, he has "languished" in confinement illegally, creating a speedy trial violation. A servicemember's rights to a speedy trial are derived from R.C.M. 707, Article 10, UCMJ, and from the Constitution. Petitioner has failed to clearly and indisputably demonstrate a speedy trial violation based on any of these authorities. Regarding R.C.M. 707, his filing does not illuminate the reasoning for the convening authority's two exclusions of time. Petitioner seems to want us to infer abuses of discretion by the convening authority when he excluded time from the speedy trial clock merely because his trial defense counsel objected to the exclusions of time. Factoring in the exclusions of time, at the time of the filing of the petition, 90 days had elapsed from the R.C.M. 707 speedy trial clock. Petitioner falls far short of establishing that he has a clear and indisputable right to release based on what was provided in his petition.

Likewise, with regards to Article 10, UCMJ, his filing does not demonstrate that the Government has not moved the investigation along with reasonable diligence. Nonetheless, Petitioner urges us to conclude that the Government has not exercised reasonable diligence justifying his requested relief. We decline to make such a conclusion.

Finally, Petitioner argues that his pretrial confinement violates the Constitution. To evaluate this claim, one of the factors we consider is the reason for the delay. Petitioner has the burden to show his entitlement to the writ but has not persuaded this court that the reasons for the delay did not justify the delay. He asks us again to presume that there are no justifiable reasons for the delay in bringing him to trial and demands his immediate release. We also decline to conclude that there are no justifiable reasons for the delay.

As Petitioner has not clearly and indisputably shown that there is a speedy trial violation, at this time, the issuance of the requested writ is not appropriate.

Accordingly, it is by the court on this 20th day of January, 2026,

**ORDERED:**

Petitioner's petition for extraordinary relief in the nature of a writ of habeas corpus is **DENIED WITHOUT PREJUDICE**. Petitioner is not otherwise precluded from re-raising this issue before the military judge or to this court in the normal course of appellate review.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court