Gregar C. THOMAS, Aviation
Machinist's Mate Airman,
U.S. Navy, Petitioner,

v.

Donald E. EDINGTON, Captain,
JAGC, U.S. Navy, Military Judge,
Respondent.

Misc. Dkt. No. 88–20.

U.S. Court of Military Appeals.

April 21, 1988.

For Respondent: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (argued); *Captain Wendell A. Kjos, JAGC, USN* (on brief).

For Petitioner: *William J. Holmes, Esq.* (argued); *Lieutenant Walter M. Meneses, JAGC, USN* (on brief); *Lieutenant Daniel W. Dooher, JAGC, USNR.*

PER CURIAM:

This matter came on to be heard upon Aviation Machinist's Mate Airman Gregar C. Thomas' Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and an Order to Show Cause issued by this Court on March 16, 1988. In summary, petitioner was extended beyond his normal term of service for the purpose of investigating allegations of violations of the Uniform Code of Military Justice. On or about July 17, 1987, Charges I, II, and III were *preferred* against the accused. Thereafter, on or about September 2, 1987, Additional Charge I was *preferred.* Block 12 of the Charge Sheet, DD Form 458, which indicates the date that an accused is "informed of the charges against him/her," has not been completed on the charge sheet before us, notwithstanding the requirement of R.C.M. 308, Manual for Courts-Martial, United States, 1984, that an accused shall be so "informed ... as soon as practicable." Art. 30(b), UCMJ, 10 U.S.C. § 830(b).

Petitioner asserts that it is the policy of some commands of the Naval Service to ignore the plain statutory language of Article 30, which clearly and unequivocally provides that "the person accused shall be informed of the charges against him as soon as practicable" by the device of deliberately not notifying an accused of the charges until such time as the prosecution and the convening authority have made a decision to prosecute. It is alleged that this policy is designed to delay the triggering mechanism of the speedy-trial requirements contained in R.C.M. 707(a), which demand that an accused be brought to trial within 120 days after "[n]otice to the accused of preferral of charges under R.C.M. 308."

It is clear to us that R.C.M. 707, as promulgated by the President of the United States, must be read in conjunction with Article 30 and R.C.M. 308. It is also clear that the language "as soon as practicable" modifies and relates to the date charges are preferred—not to some later date such as the date that the convening authority makes a decision to prosecute. However, we need not decide this case based upon the *alleged* Navy policy.

We conclude and hold that petitioner was "notified" of Charges I, II, and III *on or before* July 31, 1987, and that more than

120 days elapsed prior to his trial, without legal justification for the delay. Accordingly, these charges must be dismissed.

We further conclude and hold that petitioner was notified of Additional Charge I more than 120 days prior to being brought to trial, again without justification or excuse for the delay. Accordingly, Additional Charge I must be dismissed.

We do not base our decision upon constitutional notions of speedy trial, but simply upon the plain language of R.C.M. 707 and 308; Article 30 of the Uniform Code; and the undisputed facts of this case—that petitioner, indeed, received actual "notice" of the charges against him.

The petition for extraordinary relief is granted as to Charges I, II, and III, and Additional Charge I, and their specifications. Those Charges are dismissed. The case is returned to Respondent or his successor. Further proceedings as are deemed advisable in the premises may be held.