UNITED STATES, Appellee,

v.

Timothy R. DOTY, Hospital Corpsman
Third Class, U.S. Navy, Appellant.

No. 98–0949.
Crim.App. No. 97–0745.

U.S. Court of Appeals for
the Armed Forces.

Argued April 7, 1999.

Decided Sept. 24, 1999.

COX, C.J., delivered the opinion of the Court, in which SULLIVAN, GIERKE, and EFFRON, JJ., joined. CRAWFORD, J., filed an opinion concurring in the result.

For Appellant: *Lieutenant Mari–Rae Sopper,* JAGC, USNR (argued).

For Appellee: *Commander Eugene E. Irvin,* JAGC, USN (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Major Clark R. Fleming,* USMC (on brief).

Chief Judge COX delivered the opinion of the Court.

Appellant was convicted at a special court-martial of two specifications of wrongfully using marijuana and one specification of distributing marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The court-martial, comprised of officer members, sentenced appellant to confinement for 3 months, forfeiture of $583.00 pay per month for 3 months, reduction to E–1, and a bad-conduct discharge. The convening authority approved the adjudged sentence.

We granted review of one issue in which appellant asks us to hold that his arraignment was a "sham" arraignment, used only to stop the speedy-trial clock in his case, and thus was insufficient because he was not brought to actual trial until 7 days later. *See* 51 MJ 131 (1998).

Appellant was arraigned on December 4, 1996, which was day 119 on the speedy-trial clock. Appellant was tried on the charges pending before this court-martial on December 11, 1996, 7 days after his arraignment. There was no pretrial confinement in appellant's case.

Immediately following appellant's arraignment, the defense raised an oral motion, later

followed by a written motion to dismiss, alleging that the Government was essentially conducting a "sham" arraignment that violated appellant's right to a speedy trial. The military judge denied the motion holding that the military speedy-trial rule was "reasonabl[e]," and that it was "complied with in this case."

■ The conclusion whether an accused received a speedy trial is a legal question that is reviewed *de novo*. *See United States v. Thompson*, 46 MJ 472, 475 (1997). The military judge's findings of fact are given "substantial deference and will be reversed only for clear error." *See United States v. Edmond*, 41 MJ 419, 420 (1995), quoting *United States v. Taylor*, 487 U.S. 326, 337, 108 S.Ct. 2413, 2419–20, 101 L.Ed.2d 297 (1988). Although we are not required to defer to the military judge's or the lower court's legal conclusions, after due consideration we have no occasion to disagree with their analyses.

The military judge ruled that arraignment of appellant was proper within the plain language of the rule itself, RCM 707, Manual for Courts–Martial, United States (1998 edition), and also through interpretation of the rule in light of the cases leading to its enactment. *See, e.g., Thomas v. Edington*, 26 MJ 95 (CMA 1988); *United States v. Carlisle*, 25 MJ 426 (CMA 1988). He went on further to state that the President's decision to clarify the speedy-trial rules in a way that allows for a lapse between arraignment and trial was not constitutionally barred, as long as the accused is not restrained.

The Court of Criminal Appeals further noted that the pretrial processing of appellant's case appears "diligent," and that most of the delay occurred at the Article 32, UCMJ, 10 USC § 832, stage of the proceedings. That court, 1998 WL 275951 could "find no evidence of intentional or negligent actions" that would cause it to avoid applying the plain language of RCM 707. Unpub. op.

at 2–3 (May 27, 1998). We agree. RCM 707 clearly states:

(a) *In general.* The accused shall be brought to trial within 120 days after the earlier of:

(1) Preferral of charges;

* * *

(2) The imposition of restraint under R.C.M. 304(a)(2)–(4); or

(3) Entry on active duty under R.C.M. 204.

(b) *Accountability.*

(1) *In general.* ... The accused is brought to trial within the meaning of this rule at the time of arraignment under R.C.M. 904.

The Government thus has 120 days from the date of preferral to bring an accused to trial. In order for an accused to be brought to trial, he must be "called upon to plead," the process commonly known as arraignment. RCM 904, Discussion; *see also United States v. Stokes*, 39 MJ 771 (ACMR 1994), *pet. denied*, 41 MJ 100 (CMA 1994).

All of these events occurred in this case within the statutorily imposed period of time, 120 days. Thus, the arraignment on day 119 occurred in the "nick of time" to stop the speedy-trial clock. Appellant's arraignment was properly conducted and was not a "sham." * We are not at liberty, and do not desire, to unilaterally modify clearly written Presidential rules that do not conflict with the Congressionally passed Code or the Constitution. *Cf. United States v. Davis*, 47 MJ 484, 486 (1998).

Additionally, there is no reason to question appellant's arraignment based on the fact that the Government was unprepared to present its case on the merits immediately following arraignment. In fact, arraignment serves to protect an accused's rights. After arraignment, the power of the military judge

---

* The primary definition of "sham" in the dictionary is "a trick that deludes." *Webster's Tenth Collegiate Dictionary* 1076 (1998). While theoretically such a "trick" could be possibly staged at an arraignment, such as the case where the Government never intends to go forward on

charges, this case would be extreme. Moreover, such an instance would violate the ethical rules governing lawyer conduct. *See* Rule 3.3, ABA *Model Rules of Professional Conduct* (1998)(candor toward the tribunal).

to process the case increases, and the power of the convening authority to affect the case decreases. *See* RCM 601(e)(2)(no referral of additional charges without accused's consent); RCM 603(d)(no major changes to charges without accused's consent); RCM 604(b) (power to withdraw charges limited); RCM 804(b)(1) (trial in absentia permitted). Moreover, after being arraigned, appellant is still free to make a motion to the military judge demanding speedy trial. *See* RCM 707(c)(2); RCM 905(b). Thus, appellant's argument here is unpersuasive.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

CRAWFORD, Judge (concurring in the result):

Military accused enjoy the right to a speedy trial as guaranteed by the Sixth Amendment, the Due Process Clause of the Fifth Amendment, and by statute—Article 10, Uniform Code of Military Justice, 10 USC § 810. They also enjoy a right to a speedy trial as set forth in RCM 707, which is simple for the bench and bar to follow: When arraignment falls within the 120–day period provided by RCM 707, there is no speedy-trial violation.

As the majority states, "We are not at liberty, and do not desire, to unilaterally modify clearly written Presidential rules that do not conflict with the Congressionally passed Code or the Constitution." 51 MJ at 465. However, this language points out the opinion's self-contradictory nature which suggests the Court's willingness to craft exceptions to this "clearly written" rule on a case-by-case basis. While the Government was not ready to proceed in the case at the time of arraignment, as the court below indicated, the Government was diligent in processing the case, unpub. op. at 2, and that court found "no evidence of intentional or negligent actions by the Government which compel us to act." *Id.* at 3. I disassociate myself from the dicta in this case setting forth new language which contradicts RCM 707 as presently drafted. My view does not preclude the President from drafting a "sham" rule. However, at this date, he has not.

As to the hypothetical set forth by the majority, that is, arraignment when the Government never intends to go forward on the charges, military defendants would be protected from such an action by the sources of rights set forth above.