GIERKE, Judge
(concurring):
I agree with the ultimate result in this case, i.e., a remand to the military judge for reconsideration, using the factors set out in United States v. Birge, 52 M.J. 209 (C.A.A.F. 1999). I also agree that the correct standard of review on the ultimate question whether Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810 (2002), has been violated is de novo. See United States v. Doty, 51 M.J. 464 (C.A.A.F.1999).
However, I write separately to point out that, in my view, de novo review of the ultimate Article 10 issue does not require this Court to disregard the military judge’s analysis of each stage in the prosecution of the case. We review the issue de novo, recognizing that military judges are well situated to understand “the realities of military practice,” and to evaluate the “logistical challenges of a world-wide system,” “operational necessities,” as well as “crowded dockets, unavailability of judges, and attorney caseloads”; and that they “can readily determine whether the Government has been foot-dragging on a given case, under the circumstances then and there prevailing.” See United States v. Kossman, 38 M.J. 258, 261-62 (C.M.A.1993).
In United States v. Hatfield, 44 M.J. 22, 24-25 (C.A.A.F.1996), this Court upheld the military judge’s analysis after he had been reversed by the Court of Criminal Appeals, which had substituted its own analysis and arrived at a different conclusion regarding the reasonableness of the delay. We concluded in Hatfield that “the military judge did not abuse his discretion.” Id. at 25. In so concluding, we noted that “the military judge gave due consideration to all the factors” set out in Kossman. Id. at 24.
“Abuse of discretion” is a broad term, and in some cases it may mean only that the military judge incorrectly applied the law. See United States v. White, 48 M.J. 251, 257 (C.A.A.F.1998) (military judge abuses discretion if decision was “influenced by an erroneous view of the law”); 1 Steven Childress & Martha Davis, Federal Standards of Review § 4.21 at 4-132 (3d ed.1999) (abuse of discretion has “sliding contextual meaning”); Martha Davis, A Basic Guide to Standards of Judicial Review, 33 S.D. L.Rev. 468, 472-73 (1988), quoted in United States v. Siroky, 44 M.J. 394, 398 n. 1 (C.A.A.F.1996)(no abuse of discretion if decision is “legal”). Thus, in my view, our decision in this case is not inconsistent with our previous decisions in Hatfield, Kossman, and Doty. Accordingly, I concur.