# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.K. JAMISON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**ZACHARY W. SPRATLING**
**GAS TURBINE SYSTEM TECHNICIAN (MECHANICAL)**
**THIRD CLASS (E-4), U.S. NAVY**

**NMCCA 201400060**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 18 October 2013.
**Military Judge:** CAPT Robert Blazewick, JAGC, USN.
**Convening Authority:** Commander, Navy Region Southeast, Jacksonville, FL.
**Staff Judge Advocate's Recommendation:** CDR N.O. Evans, JAGC, USN.
**For Appellant:** LT Jessica Fickey, JAGC, USN.
**For Appellee:** Maj Paul Ervasti, USMC; Maj David N. Roberts, USMC.

**31 July 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of committing an indecent act and receiving child pornography in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934. The members sentenced the appellant to confinement for a period of 60 days and a bad-

conduct discharge.  The convening authority (CA) approved the sentence as adjudged.

In his sole assignment of error, the appellant argues that the military judge erred in not dismissing Charge I (receipt of child pornography) based on a violation of the appellant's speedy trial rights under RULE FOR COURT-MARTIAL 707, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.).[1]  After consideration of the pleadings of the parties and the record of trial, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

On 14 January 2013, the Government preferred an initial set of charges against the appellant.  Appellate Exhibit XXIV.  This included the following charges:  indecent act under Article 120, UCMJ, for sending KS, a minor, a photograph of a penis; receipt of five images of child pornography (nude images of KS) under Article 134, UCMJ; and, indecent act under Article 134, UCMJ, for sending KS, via interstate commerce, a digital image of a penis.

Following a pretrial investigation under Article 32, UCMJ, the Government preferred substantially the same charges on 18 March 2013 and the CA referred these charges to a general court-martial on 25 March 2013.[2]  The appellant was arraigned on this set of charges on 22 April 2013.

As part of the pretrial litigation during his initial court-martial, the appellant moved to dismiss Charge I (Article 120, UCMJ) and its sole specification based on the claim that it

---

[1] This assignment of error is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Specification 1 of Charge II preferred on 18 March 2013 alleged receipt of six images of child pornography while the specification preferred on 14 January 2013 alleged receipt of five images of child pornography.  AE XXIV. Other than a change to the date in specification 1 of Charge II and an addition of the number "4" to identify a particular digital image in that specification, the charges preferred on 18 March 2013 were substantially the same as the charges preferred on 14 January 2013; however, only the charges preferred on 18 March 2013 were actually referred by the CA and subsequently dismissed.  Charge Sheet of 18 Mar 2013.  For purposes of this assignment of error, the appellant argues that the speedy trial clock started on 14 January 2013.  Because the Government did not contest this date, we will accept without deciding the appellant's argument of a 14 January 2013 start date.

was unreasonably multiplied with Specification 2 of Charge II (Article 134, UCMJ). AE II at 101. The military judge agreed and without consulting the Government, directed the dismissal, without prejudice, of Charge I and its sole specification as unreasonably multiplied with Specification 2 of Charge II. *Id*. at 280.

On 30 June 2013, the Government preferred two new charges against the appellant. Charge I (Article 134, UCMJ) alleged that the appellant received four images of child pornography and Charge II (Article 120, UCMJ) alleged an indecent act by the appellant for sending a digital image of a penis to KS. Based on the Article 34, UCMJ, advice of the staff judge advocate, the CA referred these charges on 1 July 2013 to the same general court-martial (GCMCO 03-13) as those charges preferred on 18 March 2013.[3]

On 2 July 2013, the Government served the appellant with the new set of charges. On 3 July 2013, the appellant moved for a continuance until 19 July 2013. Over Government opposition, the military judge granted the appellant's request for a continuance. On 29 July 2013, the appellant was arraigned on the new set of charges.

At his arraignment, the appellant moved to dismiss the new set of charges based on an improper referral.[4] AE IV. The military judge denied the motion. Record at 81; AE VI. The appellant submitted a new proposed Case Management Order (CMO) that set new trial milestones. The military judge approved the CMO and, based on the request by the appellant, set the case for trial on 15 October 2013. AE I; AE LXX at 3.

On 6 September 2013, the appellant, for the first time, moved to dismiss the charges based on a violation of his speedy trial rights under R.C.M. 707 and the 6th Amendment. AE XXIV. On 2 October 2013, the military judge denied the motion. AE XXVI. The appellant moved for reconsideration based on the fact that trial defense counsel had been denied the opportunity to present oral argument. The military judge reconsidered, heard

---

[3] On 9 July 2013, at the direction of the CA, the trial counsel withdrew and dismissed Charge II and its two specifications (preferred on 18 March 2013 and referred on 25 March 2013). AE XXIV at 10-12.

[4] The appellant's motion to dismiss for improper referral alleged a subterfuge by the Government that essentially argued that the CA's decision to re-refer charges had the effect of overturning the military judge's prior ruling that had dismissed the Article 120 Charge. AE IV.

oral argument on the motion, and essentially ratified his earlier 2 October 2013 ruling. AE LXX.

### Speedy Trial Claim

On appeal, the appellant argues that the military judge erred in not dismissing the charge alleging receipt of child pornography, based on violation of his speedy trial rights under R.C.M. 707.[5] Appellant's Brief at 8. Specifically, the appellant argues that because the dismissal of the child pornography charge was a "subterfuge to avoid exceeding the 120 day time period" under R.C.M. 707, the speedy trial clock was not reset by the 30 June 2013 preferral. Appellant's Brief at 8. Instead, the appellant argues that he was not brought to trial on the child pornography charge until day 185 -- violating his right to a speedy trial under R.C.M. 707. We disagree with the appellant's underlying premise and his speedy trial calculation.

We review *de novo* a military judge's conclusion of whether an accused received a speedy trial under R.C.M. 707. *United States v. Cooper*, 58 M.J. 54, 57-58 (C.A.A.F. 2003); *United States v. Doty*, 51 M.J. 464, 465 (C.A.A.F. 1999). "The military judge's findings of fact are given 'substantial deference and will be reversed only for clear error.'" *Doty*, 51 M.J. at 465 (quoting *United States v. Edmond*, 41 M.J. 419, 420 (C.A.A.F 1995)). Having examined the record of trial, including the extensively litigated pretrial motion, we find that the military judge's findings of fact are clearly supported by the record. AE LXX at 2-3. Accordingly, we adopt them as our own.

The appellant's argument is premised on whether the dismissal of the child pornography charge was a subterfuge to avoid violating R.C.M. 707. In this case, the military judge specifically ruled that the trial counsel's dismissal on 9 July 2013 of the child pornography charge at the direction of the CA, was neither improper nor a subterfuge. AE LXX at 4-6. We agree.

---

[5] The appellant does not argue a violation of his speedy trial rights under either the Fifth or Sixth Amendment. Additionally, the appellant concedes that because the indecent act charge under Article 120, UCMJ, was dismissed by the military judge, his speedy trial rights were not violated as to that charge. Appellant's Brief of 7 Apr 2014 at 8 n.8. Thus, we consider only the speedy trial implications of Charge I (receipt of child pornography).

4

Absent a subterfuge, the speedy-trial clock is reset once charges are dismissed. *United States v. Anderson*, 50 M.J. 447, 448 (C.A.A.F. 1999); R.C.M. 707(b)(3)(A). If charges are re-preferred, a new 120-day period begins on the date of re-preferral. *United States v. Tippit*, 65 M.J. 69, 73 (C.A.A.F. 2007); R.C.M. 707(b)(3)(A).

In this case, the appellant was not subject to any type of pretrial restraint. The child pornography charge (Charge I) was preferred on 30 June 2013 and the appellant was brought to trial on that charge on 29 July 2013. The military judge excluded the dates from 8 until 19 July 2013 based on a defense-requested continuance. Thus, for accountability under R.C.M. 707, the military judge concluded that the appellant was brought to trial on day 13. R.C.M. 707(c) (stating that defense pretrial delays approved by the military judge shall be excluded for purposes of calculating the speedy trial requirements under R.C.M. 707). We agree. Accordingly, the appellant was clearly brought to trial on the child pornography charge within the 120-day requirement outlined in R.C.M. 707.

## Forum Request

Although not raised by the appellant as an assignment of error, we note that the military judge did not obtain on the record the appellant's personal request for trial by enlisted members. The appellant submitted a request signed by his trial defense counsel; however, it was not personally signed by the appellant. AE LXXV. While this failure represented a violation of Article 25(c)(1), UCMJ, under the circumstances of this case, there was substantial compliance with Article 25 and the error did not prejudice the substantial rights of the appellant. *United States v. Townes*, 52 M.J. 275, 276-77 (C.A.A.F. 2000).

## Conclusion

The findings and the sentence as approved by the CA are affirmed.[6]

For the Court

R.H. TROIDL
Clerk of Court

---

[6] Although not raised by the appellant, there remains a question of whether the military judge properly calculated the maximum punishment of confinement for twenty-five years. Record at 834. The appellant's offenses occurred between September and October of 2010. At that time the maximum punishment for receipt of child pornography was confinement for twenty years. Title 18 U.S.C. § 2252A(a)(2). However, on 13 December 2011, the President issued Executive Order (EO) 13593, which amended the Manual to include listing child pornography as an offense under Article 134, UCMJ. The EO set the maximum punishment for receipt of child pornography at ten years. Rule for Court-Martial 1003 is silent on the question of whether a "listed" offense or "closely related" offense must be in Part IV of the Manual at the time the offenses are committed *and* at the time of trial to apply for purposes of sentence calculation. If R.C.M. 1003 requires both, the military judge correctly advised the members using the analogous child pornography offense under Title 18 U.S.C. § 1152A(a)(2). If, however, R.C.M. 1003 only requires that the "listed" or "closely related" offense be in the Manual at the time of trial, the military judge should have advised the members that the appellant was facing confinement for fifteen years (ten years for receipt of child pornography and five years for committing an indecent act). We need not answer this question because even assuming that the military erred in his maximum punishment calculation, we find that based on the sentence adjudged, the maximum sentence calculation was of no overriding concern or influence on the members sufficient to demonstrate a colorable claim of prejudice. Art. 59(a), UCMJ.