# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40615**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Lakota D. CABRIE**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 3 December 2025

————————————

*Military Judge*: Brian M. Thompson (arraignment); Kirk W. Albertson.

*Sentence*: Sentence adjudged 11 December 2023 by a general court-martial convened at Davis-Monthan Air Force Base, Arizona. Sentence entered by military judge on 23 January 2024: Bad-conduct discharge and confinement for 200 days.

*For Appellant*: Major Heather M. Bruha, USAF; Captain Jocylin N. Webster, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Kate E. Lee, USAF; Major Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEARLEY, and ORTIZ, *Appellate Military Judges*.

Judge ORTIZ delivered the opinion of the court, in which Chief Judge JOHNSON and Judge KEARLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ORTIZ, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of absence without leave (AWOL) in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886; one specification of breach of restriction, in violation of Article 87b, UCMJ, 10 U.S.C. § 887b; and one specification of wrongful use of cocaine on divers occasions in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 200 days, and a reprimand. The convening authority deferred all automatic forfeitures for a period of three months, Appellant's release from confinement, or the expiration of his term of service, whichever was soonest, to be paid to Appellant's former spouse for the benefit of his dependent children.[2] The convening authority took no action on the findings, disapproved the adjudged reprimand, and took no other action on the sentence. Appellant raises three issues on appeal that we have reworded: (1) whether the firearm prohibition pursuant to 18 U.S.C § 922 is unconstitutional as applied to Appellant; (2) whether omission of the audio recording from the record of trial of Appellant's initial arraignment requires sentence reassessment or remand; and (3) whether Appellant's sentence was inappropriately severe.[3] We also considered an additional issue, not raised by Appellant, which was identified during this court's Article 66(d), UCMJ, 10 U.S.C. § 866(d), review: (4) whether Appellant is entitled to relief for delay in post-trial processing.

After carefully considering issue (1) and for the reasons explained in *United States v. Johnson*, __ M.J.__, No. 24-0004, 2025 CAAF LEXIS 499, at *8–13 (C.A.A.F. 24 Jun. 2025), *United States v. Vanzant*, 84 M.J. 671, 680–81 (A.F. Ct. Crim. App. 2024), and *United States v. Lepore*, 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc), we conclude this issue warrants neither discussion nor relief. *See United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987). As to the remaining issues, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and the sentence.

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The convening authority also denied Appellant's request for a two-day deferment of his confinement.

[3] Issue (3) was raised by Appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

## I. BACKGROUND

The basis of the charges to which Appellant pleaded guilty stem from Appellant's divers use of cocaine that led to his restriction to the limits of Davis-Monthan Air Force Base (AFB), Arizona, after testing positive for cocaine on seven separate occasions. While restricted to the limits of the base, Appellant breached his restriction by driving his car off base to visit his girlfriend at her residence in Arizona. Within days after Appellant breached his restriction, he failed to report to his assigned duty at Davis-Monthan AFB, disconnected his cell phone, and was absent from his dormitory room on base. After his unit made several unsuccessful attempts to contact Appellant through various means, his commander placed him on deserter status. The Air Force Office of Special Investigation (OSI) and the Tucson Police Department later apprehended Appellant at an apartment complex in Tucson, Arizona. In the interview with OSI, Appellant acknowledged that he knew that he was AWOL when he did not report to his duty location and admitted that he stayed at his neighbor's off-base apartment and spent time with his girlfriend during his absence.

Appellant's court-martial consisted of two hearings occurring on 7 November 2023 and 11 December 2023, at Davis-Monthan AFB. At the November 2023 Article 39(a), UCMJ, 10 U.S.C. § 839(a), hearing, the military judge conducted discussions with Appellant and counsel regarding Appellant's right to counsel and challenges to the military judge. Appellant was then arraigned. At the conclusion of the hearing, Appellant deferred raising any motions, forum selection, and entry of his pleas.

Appellant's court-martial was later convened on 11 December 2023 before a different military judge. Prior to Appellant's entry of pleas, the military judge again advised Appellant of his right to counsel and addressed grounds for challenge against the military judge. After advisement of his rights and preliminary discussions, Appellant was arraigned again. He then pleaded guilty, pursuant to a plea agreement, to all charges and specifications, and was sentenced by the military judge.

## II. DISCUSSION

### A. Omission of Arraignment Audio[4]

A verbatim written transcript of both proceedings was prepared and certified as accurate and complete by trial counsel and the court reporter. The

---

[4] We also note that Prosecution Exhibit 5 for identification, a seven-page excerpt from Appellant's Report of Investigation, was not admitted into evidence but was nevertheless incorrectly placed in the record of trial as an "Exhibit." Appellant alleges no prejudice from this error, and we find none.

record of trial including the verbatim transcript was received by the court and Appellant's case was docketed on 4 June 2024. The record of trial does not contain the audio recording of the 7 November 2023 hearing, but does contain the audio recording of the 11 December 2023 proceeding. Appellant claims this omission warrants remand or reassessment of his sentence.

**1. Law**

Whether a record is complete is a question of law reviewed de novo. *United States v. Davenport,* 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted). "Whether an omission from a record of trial is substantial is a question of law we review de novo." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000).

Article 54(b)(2), UCMJ, 10 U.S.C. § 854(b)(2), states that "a complete record of proceedings and testimony" is required in any case involving a sentence of death, dismissal, discharge, confinement for more than six months, and forfeiture of pay for more than six months.

The President has further defined the requirements for contents, attachments, and certifications of the record in the Rules for Courts-Martial. Rule for Courts-Martial (R.C.M.) 1112(b) identifies the required contents of the record of trial which shall include, *inter alia*, "[a] substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting." R.C.M. 1112(b)(1). R.C.M. 1112(f) identifies items a court reporter must attach to the record of trial when it is sent to The Judge Advocate General for appellate review. One of those items is "[a]ny transcription of the court-martial proceedings created pursuant to R.C.M. 1114." R.C.M. 1112(f)(8). R.C.M. 1114 requires a certified verbatim transcript when the judgment entered into the record includes, *inter alia*, a bad-conduct discharge.

"A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citations omitted).) "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* The threshold question is "whether the item is 'substantial,' either qualitatively or quantitatively." *Davenport*, 73 M.J. at 377 (quoting *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982)). Omissions "are qualitatively substantial if the substance of the omitted material 'related directly to the sufficiency of the Government's case on the merits' and the 'testimony could not ordinarily have been recalled with any degree of fidelity.'" *Id.* Omissions may be quantitatively insubstantial when, in light of the entire record, the omission is "so unimportant and so uninfluential . . . that it approaches nothingness." *Id.* (citation omitted).

**2. Analysis**

Both parties agree that the audio recording for the November 2023 hearing is missing from the record of trial. Appellant argues that the omission of the audio recording is a substantial omission that requires sentencing relief or, in the alternative, remand to determine if an audio recording exists. We conclude that the Government's failure to include the November 2023 audio recording was error, but was rendered harmless in light of the certified written transcript, which includes a verbatim transcript of the hearing, and that Appellant was arraigned again at the 11 December 2023 hearing.

R.C.M. 1112(b) requires that the Government include "[a] substantially verbatim recording of the court-martial proceedings" to the record of trial. The question therefore is whether the Government complied with its R.C.M. 1112(b) requirement despite the omission of the November 2023 hearing audio recording. We find that the Government failed to satisfy this requirement in this case. In making this determination, we are guided by principles set forth by our superior court when determining the overall completeness of the record based on substantially qualitative or quantitative omissions. *See Davenport*, 73 M.J. at 377; *Lashley*, 15 M.J. at 9.

We find the omission of the November 2023 hearing was a quantitative, substantial omission that did not comport with the requirement directed under R.C.M. 1112(b), *i.e.*, to include a "substantially verbatim recording." *See, e.g.*, *United States v. Martinez*, No. ACM 39903 (reh), 2024 CCA LEXIS 551, at * 2–3 (A.F. Ct. Crim. App. 16 Dec. 2024) (order) (applying the quantitative omission test when determining that missing appellate exhibits were a substantial omission); *see also United States v. Seeto*, No. ACM 39247, 2018 CCA LEXIS 518, at * 13–14 (A.F. Ct. Crim. App. 26 Oct. 2018) (finding, in part, that a missing audio recording of an Article 39(a), UCMJ, session was a quantitative, substantial omission). In the case *sub judice*, the audio recording of an entire hearing was not attached to the record. This hearing included, among other things, important milestones in the court-martial process including the initial discussion of Appellant's right to counsel and his original arraignment. It is well-established that these events are significant safeguards to an accused's rights during the court-martial process. *United States v. Doty*, 51 M.J. 464, 465–66 (C.A.A.F. 1999) ("[A]rraignment serves to protect an accused's rights."); *United States v. Matthew*, No. ACM 39796 (f rev), 2022 CCA LEXIS 425, at *12 (A.F. Ct. Crim. App. 21 Jul. 2022) (unpub. op.) (finding that advisement of right to counsel and arraignment are significant events during the court-martial proceeding when determining the completeness of a record of trial). The omission of the November 2023 audio recording was a substantial omission that rendered the record incomplete. Despite there being a written, verbatim transcript of the November 2023 hearing, and Appellant being arraigned again by a

different military judge in December 2023, the Government erred in failing to include the November 2023 hearing audio recording.

Finding error, the burden rests upon the Government to rebut a presumption of prejudice. *Henry*, 53 M.J. at 111. The Government argues that the written certified transcript fully captured the hearing and allows for sufficient appellate review. We find this argument persuasive. The court reporter chronology reflects that all counsel were afforded an opportunity to review the prepared transcription, and both trial counsel and trial defense counsel certified the November 2023 hearing as accurate and complete. Appellant does not allege any errors or inaccuracies in the transcript nor are there any omissions or inaccuracies apparent in the record. Furthermore, Appellant fails to explain how the lack of the audio recording materially prejudiced his rights or prevents the court from completing its Article 66(d), UCMJ, review. Accordingly, we find no prejudice from the omission of the November 2023 hearing audio recording and decline to provide the requested relief in this case.

**B. Sentence Severity**

Appellant argues that the sentence was inappropriately severe in light of the particular facts and circumstances in his case and requests that this court reassess his sentence. In particular, Appellant notes that his prolonged pretrial confinement of 133 days significantly impacted his freedom and personal relationships and his "highly restrictive" pretrial conditions exacerbated the punitive nature of his confinement. Appellant also asks this court to consider his unit's lack of support during his pretrial confinement, his expression of remorse, his cooperation with the investigation, and the non-violent nature of his offenses.

### 1. Law

This court reviews issues of sentence appropriateness de novo. *United States v. Guinn*, 81 M.J. 195, 199 (C.A.A.F. 2021). Our authority "reflects the unique history and attributes of the military justice system [and] includes . . . considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citation omitted). We may affirm only so much of the sentence as we find correct in law and fact. Article 66(d), UCMJ.

"We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citation omitted). Although the Courts of Criminal Appeals are empowered to "do justice" we are not authorized to grant mercy. *Guinn*, 81 M.J. at 203 (citation omitted). While we have significant discretion in determining

whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *See United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

"Absent evidence to the contrary, [an] accused's own sentence proposal is a reasonable indication of its probable fairness to him." *United States v. Cron*, 73 M.J. 718, 736 n.9 (A.F. Ct. Crim. App. 2014) (quoting *United States v. Hendon*, 6 M.J. 171, 175 (C.M.A. 1979) (citation omitted)). When considering the appropriateness of a sentence, courts may consider that a plea agreement, to which an appellant agreed, placed limits on the sentence that could be imposed. *See United States v. Fields*, 74 M.J. 619, 625–26 (A.F. Ct. Crim. App. 2015).

### 2. Analysis

After conducting a review of the entire record, we find Appellant's sentence is appropriate. We have considered that Appellant pleaded guilty, that he expressed remorse before the military judge, and that he presented evidence of his life, military duty, conditions of his pretrial confinement, and his rehabilitative potential. We have also considered Appellant's entire record of service, and all matters contained in the record, including his enlisted performance reports, along with various letters of counseling, letters of reprimand, and nonjudicial punishment.

The seriousness of Appellant's offenses warrants the approved punishment of a bad-conduct discharge and confinement for 200 days. Among other things, Appellant admitted during his providence inquiry and in the stipulation of fact, he used cocaine on multiple occasions even after failing several drug tests, he breached restrictions to base even after his request to leave base was specifically denied, and he had his AWOL status terminated by apprehension by OSI and the Tucson Police Department after he met with a suspected drug dealer off base. Moreover, members of Appellant's squadron testified at trial of the significant impact Appellant's crimes had on the unit's mission and manpower. Considering the nature of the offenses, Appellant's particular circumstances, and all the matters he submitted in extenuation and mitigation, we do not find Appellant's sentence to be inappropriately severe.

## C. Post-Trial Delay

### 1. Additional Facts

The military judge sentenced Appellant on 11 December 2023. The court reporter certified the record of trial as complete on 24 February 2024. Appellant's record of trial was docketed with this court on 4 June 2024—176 days after Appellant was sentenced.

### 2. Law

"[C]onvicted servicemembers have a due process right to timely review and appeal of [their] courts-martial convictions." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citations omitted). We review de novo whether an appellant is entitled to relief for post-trial delay. *United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020) (citing *Moreno*, 63 M.J. at 135).

In *Livak*, this court established an aggregated sentence-to-docketing 150-day threshold for facially unreasonable delay in cases, like Appellant's, which were referred to trial on or after 1 January 2019. 80 M.J. at 633. If there is a presumptive or an otherwise facially unreasonable delay, we examine the matter under the four non-exclusive factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citing *Barker*, 407 U.S. at 530). "We analyze each factor and make a determination as to whether that factor favors the Government or the appellant." *Id.* at 136 (citation omitted). Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id.* (citing *Barker*, 407 U.S. at 533) ("Courts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* (citation omitted). However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Independent of any due process violation, this court may provide appropriate relief where there is "excessive delay in the processing of the court-martial after the judgment was entered into the record." *United States v. Valentin-Andino*, 85 M.J. 361, 364 (C.A.A.F. 2025) (citing Article 66(d)(2), UCMJ, 10 U.S.C. § 866(d)(2)).

If a CCA decides relief is warranted for excessive post-trial delay under Article 66(d)(2), UCMJ, "that relief must be 'appropriate,' meaning it must be suitable considering the facts and circumstances surrounding that case." *Id.* at 367. "This does not require a [CCA] to provide relief that is objectively meaningful, and it does not obligate a [CCA] to explain its reasoning regarding the relief it does provide." *Id.*

### 3. Analysis

The record of trial was docketed with this court 176 days after sentencing, exceeding the 150-day *Livak* standard for facially unreasonable delay by 26

days. Accordingly, we have considered the *Barker* factors under the circumstances of this case and find no violation of Appellant's due process rights.

In analyzing the cause of delay in this case, it is unclear why the Government did not meet the 150-day threshold under *Livak*. According to the court reporter certification, the record of trial was completed on 23 February 2024, but the Government proffers no explanation of the gap between completion of the record of trial and the forwarding of the record of trial for appellate review. However, Appellant has never asserted prejudice from this delay, and we find none. Because we find no particularized prejudice, and the delay is not so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system, we likewise find no due process violation. *See Toohey*, 63 M.J. at 362.

Finally, recognizing our authority under Article 66(d)(2), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate in this case even in the absence of a due process violation. *See Valentin-Andino*, 85 M.J. at 366 n.4. We conclude such relief is not warranted.

### III. CONCLUSION

The findings are correct in law. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). *Manual for Courts-Martial, United States* (2024 ed.). In addition, the sentence as entered is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

JACOB B. HOEFERKAMP, Capt, USAF
Acting Clerk of the Court